UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 07-132

MICHAEL TESCH                               SECTION "B"

## ORDER AND REASONS

Before the Court are defendant Michael Tesch's motion for compassionate release (Rec. Doc. 29) and the government's opposition (Rec. Doc. 32). For the following reasons,

**IT IS ORDERED** that the defendant's motion to revise and modify sentence is **DENIED**.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 30, 2007, Michael Tesch ("defendant") pled guilty to the production, receipt, and possession of materials involving the sexual exploitation of minors, as charged under 18 U.S.C. § 2251(a), 2252(a)(2), and 2252(a)(4)(B). Rec. Doc. 32 at 1 (citing Rec. Doc. 23 at 1). In the factual basis, "[defendant] admitted to taking sexually explicit digital photographs of a five or six-year-old girl whom he knew personally. These images depicted the child victim positioned on a sofa with her legs spread and vagina exposed lecherously." *Id.* (citing Rec. Doc. 18 at 2). One of the images that defendant took depicted a male hand on the victim's inner thigh near the girl's exposed vagina. *Id.* at 1-2 (citing Rec. Doc. 18 at 3). Additionally, Tesch downloaded approximately

1

15,842 images of children engaging in sexually explicit conduct. *Id.* (citing Rec. Doc. 18 at 3).

The Court subsequently sentenced defendant to 235 months imprisonment followed by a life term of supervised release, and $1000 fine. *Id.* (citing Rec. Doc. 23 at 2). He is currently serving his sentence at the Federal Correctional Institution ("FCI") in Oakdale, Louisiana, with a projected release date of January 12, 2024. *Id.* He is eligible for home detention on July 12, 2023. *Id.* "As of July 2022, Tesch is 72 years old and has served approximately 77% of his full term and 90% of his statutory term." *Id.* (citing Rec. Doc. 29-1 at 3).

On April 1, 2022, the defendant's request for administrative remedy was received by the complex warden ("warden") at FCI Oakdale. Rec. Doc. 29-1 at 1. In it, Tesch argued that he should receive home confinement placement because, inter alia, he was susceptible to COVID-19 with chronic conditions listed as hypertension and kidney function abnormality. *Id.* at 3. Defendant's medical records indicate that he suffers from chronic kidney disease. *Id.* at 13. However, FCI Oakdale appears to have a treatment plan in place for his condition, including updating labs, semi-annual renal follow up appointments, and monitoring and adjusting medications. *Id.* Defendant's medical records also indicate that he had a confirmed case of COVID-19 in January of

2

2022. *Id.* at 16-17. Defendant's motion indicates that he has been vaccinated against COVID-19. Rec. Doc. 29 at 5.

Tesch's request was denied by the Warden on April 14, 2022. Rec. Doc. 29-1 at 1. In the response to Tesch's request, the Warden informed Tesch that if he was dissatisfied with this denial, he may "appeal to the Regional Director," and that the appeal had to be received in the Regional Office within twenty calendar days of the date of this response. *Id.*

Previously, Tesch made a request for compassionate release, which was received by a Staff Member at FCI Oakdale on October 13, 2020. *Id.* at 3-4. The Warden denied that request on November 3, 2020, because according to the Clinical Director, Tesch had not been diagnosed with a terminal, incurable disease with a life expectancy of eighteen months or less, nor was he suffering from a chronic or serious medical condition related to aging, and the Bureau of Prisons ("BOP") was able to provide conventional treatment to treat his condition. *Id.* at 4.

The record does not show that Tesch appealed the denial of his request for administrative remedy. On July 5, 2022, Tesch filed the instant pro se motion for compassionate release based on alleged medical conditions. Rec. Doc. 29.

## II. LAW AND ANALYSIS

### A. Standard of Review

3

A defendant may move the Court for compassionate release after either fully exhausting his administrative rights or upon the lapse of thirty days from a request for relief to his warden, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Once the exhaustion requirement has been met, the court may reduce a defendant's term of imprisonment after considering the sentencing factors in 18 U.S.C. § 3553(a) if it finds that extraordinary and compelling reasons warrant such a reduction and that the reduction is consistent with applicable policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant has the burden of proving he is entitled to a reduction. *See Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021).

### B. Defendant's failure to appeal his adverse administrative remedy request causes his motion to fail procedurally.

Defendant's motion for compassionate release is not properly before the court, because defendant did not appeal the warden's denial of his motion. This Court has routinely held that satisfying the procedural requirements for exhaustion entails appealing a warden's denial. *See, e.g., United States v. Rodriguez,* No. 15-198, 2020 WL 5369400, at *2-3 (E.D. La. Sept. 8, 2020) (citing several Fifth Circuit district court cases requiring defendant to appeal the decision by the warden). On April 1, 2022, defendant's request for administrative remedy was received by the warden. Rec. Doc. 29-1 at 1. Tesch's request was subsequently denied by the

4

warden on April 14, 2022. *Id.* In the response to Tesch's request, the warden informed Tesch that if he was dissatisfied with this denial, he may "appeal to the Regional Direct," and that the appeal had to be received in the Regional Office within twenty calendar days of the date of this response. *Id.* Tesch does not assert, nor is there any evidence in the record to suggest, that he ever appealed the denial. Only after appealing his adverse decision from the warden can this Court properly consider defendant's motion for compassionate release. On these grounds alone, defendant's motion must be denied without prejudice as he makes no mention of any appeal in his instant motion for compassionate release.

> C. Even assuming the defendant's pro se motion for compassionate release is properly in front of the court, defendant's motion would fail on the merits.

Due to the defendant's procedural flaw, the Court need not entertain the merits of defendant's motion, however, defendant's motion would also fail on the merits. Section 3582(c)(1)(A) provides that a district court may reduce the grant compassionate release if:

> (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

5

18 U.S.C. § 3582(c)(1)(A). In relevant part, the policy statement explains that an extraordinary condition exists if the defendant suffers from a terminal illness or another "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1.13 cmt. 1(A).

Defendant alleges that he should receive compassionate release due in part to his diagnosis of chronic kidney disease. In previous matters, the government has conceded that inmates with preexisting conditions that, according to the CDC, definitively place them at "increased risk of severe illness" from COVID-19 have a medical condition that constitutes an extraordinary and compelling reason for compassionate release during the pandemic, and that chronic kidney disease is one of those conditions. *See, e.g., United States v. Hudson*, 10-329, 2021 WL 765382, at *3 (E.D. La. Feb. 26, 2021) (slip opinion); *United States v. Reynolds*, 14-86, 2020 WL 6196015, at *1-2 (E.D. La. Oct. 22, 2020). Here, the government concedes that defendant's chronic kidney disease is a COVID-19 risk factor, according to CDC, but that other factors weigh against his release. Rec. Doc. 32 at 6.

Defendant's motion likely fails on the merits because his status as a fully vaccinated person and his previous recovery from

COVID-19 indicate that the defendant's ability to provide self-care is not hindered and that he can be expected to recover from a COVID-19 infection. Courts in this Circuit have repeatedly denied compassionate release to inmates who have been vaccinated against COVID-19, even if they are considered high risk. *See, e.g., United States v. Mooneyham*, 08-01, 2021 WL 4087054, at *4 (S.D. Tex. Sept. 8, 2021) (denying compassionate release for a 70-year-old inmate, with coronary heart disease, hypertension, obesity, and kidney disease, in part because he was fully vaccinated against COVID-19); *see also United States v. Beltran*, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (denying compassionate release to inmate with multiple health conditions who had only received one dose of the COVID-19 vaccine); *United States v. Stanley*, 4:04-CR-00088-SDJ, 2022 WL 1498108, at *6 (E.D. Tex. May 11, 2022) ("For most prisoners, the availability of a COVID-19 vaccine 'makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.'") (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). Additionally, "[c]ourts have repeatedly found that defendants who contract COVID-19 and recover are not among those who fall within the guidelines or demonstrate 'extraordinary and compelling reasons,' meriting a reduction in their sentence." *United States v. Neal*, 11-28, 2020 WL 4334792, at *1 (E.D. La. July 28, 2020) (first citing *United States v. Wagner*, 4:18-cr-155,

7

2020 WL 4034009, at 4 (E.D. Tex. July 15, 2020); then citing *United States v. Gates*, 3:17-cr-150, 2020 WL 3159184, at *3 (S.D. Miss. June 12, 2020); and then citing *United States v. Russo*, No. 16-cr-441, 2020 WL 1862294, at *8 (S.D.N.Y. April 14, 2020)). In cases where the movant already contracted COVID while in custody, courts have generally denied compassionate release because the defendant's recovery demonstrates the prison's ability to provide adequate medical care. *See United States v. Batiste*, 06-145, 2021 WL 878513, at *2 (E.D. La. Mar. 9, 2021) (holding that despite hypertension, high cholesterol, and contracting COVID-19, defendant's medical conditions did not present an extraordinary and compelling reason to justify compassionate release); *United States v. Gallegos*, 4:17-CR-568, 2020 WL 3403032, at *3 (S.D. Tex. June 19, 2020)("Having already contracted and fully recovered from COVID-19, the Court cannot say that Defendant's asthma 'substantially diminishes his ability ... to provide self-care within the environment of a correctional facility.").

Here, defendant's medical records indicate that he suffers from chronic kidney disease. Rec. Doc. 29-1 at 13. However, his records indicate that he has been vaccinated against COVID-19, that he has recovered from COVID-19, and that the facility has a treatment plan in place for his kidney condition. *Id.* at 13; 16-17. Although defendant has shown that he suffers from a serious medical condition, defendant has not shown that the prison is

8

unable to treat him for COVID-19 symptoms. Thus, defendant has failed to show that his medical conditions make him unable to care for himself or would make him unable to care for himself if infected with COVID-19 within the confines of the prison. *See Guyot*, 2021 WL 230251, at *2-3 (E.D. La. Jan. 22, 2021); *see also United States v. Reynolds*, 14-86, 2020 WL 6196015, at *2 (E.D. La. Oct. 22, 2020) ("Courts generally find that the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release.") (citation omitted). Tesch fails to demonstrate that he is in a situation where he suffers from a serious physical or medical condition that diminishes his ability to provide self-care. Tesch's medical records and full recovery from COVID-19 negates a conclusion that continued custody would place his health at a heightened risk. Therefore, defendant's motion for compassionate release should be denied on the merits.

New Orleans, Louisiana this 13th day of December, 2022

_____
Senior United States District Judge