UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 07-132 |
| MICHAEL TESCH | SECTION "B" |

### ORDER AND REASONS

Before the Court is defendant Michael Tesch's motion for reconsideration (Rec. Doc. 39). For the following reasons,

**IT IS ORDERED** that the defendant's motion for reconsideration is **DENIED**.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 30, 2007, Michael Tesch ("defendant") pled guilty to the production, receipt, and possession of materials involving the sexual exploitation of minors, as charged under 18 U.S.C. § 2251(a), 2252(a)(2), and 2252(a)(4)(B). Rec. Doc. 23 at 1; *see also* Rec. Doc. 32 at 1. In the factual basis, "[defendant] admitted to taking sexually explicit digital photographs of a five or six-year-old girl whom he knew personally. These images depicted the child victim positioned on a sofa with her legs spread and vagina exposed lecherously." Rec. Doc. 18 at 2; *see also* Rec. Doc. 32 at 1. One of the images that defendant took depicted a male hand on the victim's inner thigh near the girl's exposed vagina. Rec. Doc. 18 at 3; *see also* Rec. Doc. 32 at 1-2. Additionally, Tesch downloaded approximately 15,842 images of children engaging in sexually explicit conduct. *Id.*

1

The Court subsequently sentenced defendant to 235 months imprisonment followed by a life term of supervised release, and $1000 fine. Rec. Doc. 23 at 2; *see also* Rec. Doc. 32 at 1-2. He is currently serving his sentence at the Federal Correctional Institution ("FCI") in Oakdale, Louisiana, with a projected release date of January 12, 2024. Rec. Doc. 32 at 1-2. He is eligible for home detention on July 12, 2023. *Id.*

On September 28, 2020, Tesch made a request for compassionate release, which was received by a Staff Member at FCI Oakdale on or around October 13, 2020. Rec. Doc. 39-1 at 1; Rec. Doc. 29-1 at 4. The Warden denied that request on November 3, 2020, because according to the Clinical Director, Tesch had "not been diagnosed with a terminal, incurable disease with a life expectancy of eighteen months or less," nor was he suffering from a "chronic or serious medical condition related to the aging process," and the Bureau of Prisons ("BOP") was able to provide conventional treatment to treat his condition. Rec. Doc. 29-1 at 4. On November 16, 2020, Tesch appealed to the Regional Director, which was received on November 30, 2020. *See* Rec. Doc. 39-1 at 2. The Regional Director denied Tesch's appeal on January 27, 2021. *See id.* at 3. Tesch then appealed to BOP Office of General Counsel on February 15, 2021, which was received on March 3, 2021. *See id.* at 4. After finding defendant to be in stable condition and that his "concerns

regarding infection do not warrant a release from [his] sentence at this time," the national Inmate Appeals Administrator denied Tesch's appeal on April 27, 2021.

Then on April 1, 2022, defendant requested the administrative remedy of home confinement, which was received by the complex warden ("warden") at FCI Oakdale. Rec. Doc. 29-1 at 1. In his request, Tesch argued that he should receive home confinement placement because, inter alia, he was susceptible to COVID-19 with chronic conditions listed as hypertension and kidney function abnormality. *Id.* at 3. Tesch's request was denied by the Warden on April 14, 2022. Rec. Doc. 29-1 at 1. In the response to Tesch's request, the Warden informed Tesch that if he was dissatisfied with this denial, he may "appeal to the Regional Director," and that the appeal had to be received in the Regional Office within twenty calendar days of the date of this response. *Id.*

On July 5, 2022, Tesch filed a *pro se* motion for compassionate release based on alleged medical conditions. Rec. Doc. 29. However, on December 13, 2022, this Court dismissed the motion because it failed procedurally and on the merits. Rec. Doc. 38 at 4-5. Then on January 11, 2023, defendant brought the instant motion for reconsideration of this Court's previous order denying compassionate release. *See* Rec. Doc. 39.

**II. LAW AND ANALYSIS**

### A. Standard of Review

Courts construe a motion to reconsider a denial of compassionate release as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *United States v. Garrett*, 15 F.4th 335, 339 (5th Cir. 2021) (citation omitted). Federal Rule of Civil Procedure Rule 59 (e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 361 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (internal citation omitted). Additionally, "[t]he district court has considerable discretion in deciding whether to reopen a case under Rule 59 (e)." *Edward H. Bohlin Co. v. BanningCo.,* 6 F.3d 350, 355 (5th Cir. 1993).

The Fifth Circuit "has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79 (internal citation omitted); *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). To prevail on a Rule 59 (e) motion, a movant must demonstrate at least one of four

4

factors: "(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law." *S. Snow Mig. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (B.D. La. 2013); *Schiller*, 342 F.3d at 567.

However, "a court may treat an untimely Rule 59(e) motion to alter or amend the judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." *Frew v. Young*, 992 F.3d 391, 396 (5th Cir. 2021) (internal quotations omitted). Rule 60(b) includes six grounds on which relief from a final judgment may be granted. Fed. R. Civ. P. 60(b). Under Rule 60(b), a party may seek relief from an order for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud, misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Additionally, the Fifth Circuit acknowledges a basis for Rule 60(b) relief as "to rectify an obvious error of law." *See Caldwell v. Parker Univ.*, 802 F. App'x 841, 842 (5th Cir. 2020) (*per curiam*).

Defendant Tesch brings the instant "motion for reconsideration" under both Fed. R. Civ. P. 59(e) and 60(b)(4). The previous order denying defendant's motion for compassionate release (Rec. Doc. 29), was entered into the record on December 13, 2023. *See* Rec. Doc. 38. Defendant's instant motion for reconsideration was received into the record on January 11, 2023, twenty-nine days after the Court issued its order. *See* Rec. Doc. 39. However, the motion is dated January 5, 2023, and postmarked January 9, 2023. *See id.* at 9-10. Pursuant to the prisoner mailbox rule for prisoners who are proceeding *pro se*,[1] defendant Tesch's Rule 59(e) motion was filed timely. *See Brown v. Taylor*, 829 F.3d 365, 368-69 (5th Cir. 2016) (citing *Houston v. Lack*, 487 U.S. 266, 270-271 (1988)). Finding that defendant's motion is timely under Rule 59(e), the Court will treat the instant motion as being brought under Rule 59(e), which provides for a lower threshold than does Rule 60. *See Frew*, 992 F.3d at 397 (discussing the thresholds of Rule 59(e) and Rule 60).

---

[1] The prisoner mailbox rule "provides that a *pro se* inmate's notice of appeal is deemed filed on the date that the inmate gives the notice to prison authorities to be sent to the relevant court." *Brown v. Taylor*, 829 F.3d 365, 368-69 (5th Cir. 2016) (the prisoner mailbox rule applies to Rule 59(e) motions).

### **B. Defendant is not entitled to relief under Fed. R. Civ. P. 59(e).**

Defendant has not met his burden for relief under Rule 59(e) as he seeks to rehash arguments already addressed in this Court's previous order at Rec. Doc. 38. Defendant claims this Court was incorrect in finding no jurisdiction existed over defendant's motion for compassionate release and the Court further erred by not analyzing the Section 3553(a) factors when addressing the merits of defendant's argument. *See generally* Rec. Doc. 39. Even assuming this Court has jurisdiction to hear defendant's motion for compassionate release as defendant contends, this Court has already held that defendant's motion would nonetheless fail on its merits. *See* Rec. Doc. 38 at 5-9. Specifically, this Court held that defendant failed to show there existed extraordinary and compelling reasons to warrant a reduction in sentence. *See id.*

It is well established that in order to grant compassionate release, a defendant must show (1) extraordinary and compelling reasons warrant a reduction in sentence, *and* (2) the 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c). Finding no extraordinary and compelling reasons warranting compassionate release, this Court did not engage in a Section 3553(a) factor analysis. *See id.* Defendant further mischaracterizes the government's statement that "The 3553(a)

7

factors require the Court to closely analyze Tesch's criminal history and characteristics," as defendant Tesch takes this statement out of context. *See* Rec. Doc. 39 at 6; Rec. Doc. 32 at 9. This statement by the government falls under the heading which states, "*even if the defendant has presented extraordinary and compelling reasons warranting a reduction*, the applicable § 3553(a) factors weigh against his release." Rec. Doc. 32 at 9 (emphasis added). This again demonstrates that finding extraordinary and compelling reasons warranting compassionate release is a prerequisite, without which the Court need not address the Section 3553(a) factors. Accordingly, the Fifth Circuit has previously affirmed district court decisions denying compassionate release after finding no extraordinary and compelling reasons without further considering the Section 3553(a) factors. *See, e.g.*, *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

In fact, defendant's instant motion does not even allege that the Court erred in finding that no extraordinary and compelling reason exists for compassionate release, the motion only focuses on the application of the Section 3553(a) factors. For the reasons stated in our previous order, there exists no extraordinary and compelling reasons to warrant compassionate release, therefore this Court need not analyze the Section 3553(a) factors. As no new facts regarding the merits of this

8

case have been alleged, and defendant does not argue that the Court erred in determining there exists no extraordinary and compelling reasons to warrant compassionate release, the instant motion merely serves to rehash arguments previously addressed by this Court. Accordingly, defendant does not meet his burden under Fed. R. Civ. P. 59(e), and his motion must be **DENIED**.

New Orleans, Louisiana this 4th day of August, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE